

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2005

# Lakja v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2853

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lakja v. Atty Gen USA" (2005). *2005 Decisions*. Paper 95.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/95

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 04-2853

———

ARDIAN LAKJA,
Petitioner
v.

∗ALBERTO R. GONZALES,
ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

∗(Substituted pursuant to Fed. R. App. Rule 43(c))

———

Petition for Review of the Order
of the Board of Immigration Appeals
(A95-368-459)

———

Submitted Under Third Circuit LAR 34.1(a)
December 16, 2005

Before: SLOVITER, SMITH, and VAN ANTWERPEN, Circuit Judges

(Filed: December 19, 2005)

———

OPINION

———

SLOVITER, Circuit Judge

Ardian Lakja petitions for review of the order of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") which denied Lakja's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). Lakja, a native and citizen of Albania who entered the United States on a forged passport in 2001, alleges that he was persecuted at the hands of the Albanian socialist government due to his political opinions and membership in the Democratic Party.

Lakja claims that as a result of his family's commitment to the Democratic Party, his father was imprisoned and his mother was sent to an internment camp for several years. His brother was arrested and beaten for participating in a peaceful demonstration against the Communist government. His brother left Albania and was subsequently granted political asylum in the United States.

In 1998, Lakja became a member of the Democratic Party. He alleges that he was persecuted on the basis of his political beliefs, but managed to escape police beatings targeted at members of the Democratic Party. He also alleges that he was threatened for his activities in two parliamentary elections. Some two years later, in October 2000, Lakja handed out pamphlets during the local elections in conjunction with the Democratic Party and, because of this activity, the police detained him for thirty hours. During the detention, the police interrogated, threatened, and abused Lakja and told him that he would be "eliminated" if he continued his political activities. A.R. at 247. In June 2001,

2

he received an anonymous package containing a bullet, the photograph of a person who was previously killed for his political activity, and a letter stating that he would be killed if he continued his political activity in conjunction with the June 24, 2001 parliamentary election. Upon receipt of the letter, Lakja decided to go into hiding and subsequently left Albania.

The IJ did not find Lakja credible. Lakja appealed to the BIA, which summarily adopted and affirmed the IJ's decision, adding only that Lakja had also not met his burden of proof with respect to his claim under the CAT. This timely appeal followed.[1]

We review the IJ's opinion and scrutinize her decision to see if it is supported by substantial evidence. Dia v. Ashcroft, 353 F.3d 228, 247 (3d Cir. 2003) (en banc). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . ." Id. at 248.

After a careful review of the record, we conclude that there is substantial evidence to support the IJ's adverse credibility finding. The IJ stated five separate bases for her adverse credibility finding. Three of these, including the inconsistency of the testimony offered by Lakja, the timing of his becoming a member of the Democratic Party, and his lack of knowledge about the Democratic Party, constitute substantial evidence supporting

---

[1]We have jurisdiction to review the BIA's decision under 8 U.S.C. § 1252(a)(1).

the IJ's finding.[2]

The inconsistent testimony offered by Lakja concerns the chronology of events that Lakja alleges constitute persecution. Lakja was unsure of the dates of the elections in which he participated and also contradicted himself in his testimony regarding when he was arrested for this participation, first stating that he was arrested in June 2000 and then testifying that he was arrested in October 2000. These inconsistencies go to the heart of his claim that he was persecuted for his political beliefs and activities.

In addition, the IJ found that Lakja's motivation to become a member of the Democratic Party was questionable. Lakja did not join the Democratic Party when he became eligible at age 18, but rather joined at the age of 20, shortly after his brother had been granted political asylum in the United States based on his party membership. We agree that the timing of Lakja's membership is suspicious and supports the IJ's doubts regarding Lakja's motivations for joining the party.

The IJ also found that Lakja's complete ignorance regarding major political events in Albania raised further questions about his commitment to the Democratic Party. When the IJ questioned Lakja about recent elections in Albania, including the number of contested positions in a given election, candidates for those positions, and the number of

---

[2]The IJ's adverse credibility finding has two additional bases which are not supported by the record. Because the three bases discussed constitute sufficient reason to deny Lakja's petition, we do not address the shortcomings of the two additional bases.

4

Democrats elected, Lakja was unable to answer.  The IJ noted that Lakja lived with his brother who was a committed Democratic Party member and that Lakja had the time and opportunity to stay abreast of current political activities which he failed to do.

Lakja argues that he has met his burden to show past persecution because the IJ accepted as true his recounting of the events preceding 1997.  However, the events preceding 1997 were events that happened to his family, and not to Lakja himself.  This court has held that absent a showing that the petitioner would be singled out, the reasonableness of a fear of persecution is diminished when family members remain unharmed in the country of origin.  See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005).  Lakja admitted that his parents and younger brother are still in Albania.

Because there is substantial evidence to support the IJ's denial of Lakja's claim for asylum, we need not address his claim for withholding of removal.  Balasubramanrim v. INS, 143 F.3d 157, 161 n.8 (3d Cir. 1998).  Lakja's claim for relief under the CAT was waived inasmuch as he failed to present a legal argument in support of his claim.   See Wu v. Ashcroft, 393 F.3d 418, 423 n.6 (3d Cir. 2005).  We will deny the petition for review.